IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ROGER LEE REED,

        Petitioner,

vs.                            **Case No. 08-3209-RDR**

CAROL HOLINKA, Warden,

        Repondent.

## MEMORANDUM AND ORDER

This case is before the court upon petitioner's action for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate who contends that the Bureau of Prisons (BOP) has miscalculated the amount of time he must be incarcerated before he is released.[1] The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992).

Petitioner has filed various supplements and replies to pleadings in this matter, as well as a memorandum of law and traverse and amendments thereto. See Doc. Nos. 3, 12, 14, 15, 21,

---

[1]Because petitioner is currently a federal inmate at a federal institution where the warden is Carol Holinka, she will be substituted as the respondent in this case. The proper respondent to a petition filed pursuant to 28 U.S.C. § 2241 is petitioner's immediate custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). All other respondents listed by petitioner shall be dismissed.

23, 24, 26, 28. The court has considered all of these pleadings and shall grant petitioner's motion to amend (Doc. No. 22) to the extent that the motion asks the court to consider the arguments made in that pleading.

I. HISTORY

Petitioner was arrested by State of Kansas authorities on August 5, 2005. He was charged with theft in Case No. 05CR2102. At the time of petitioner's arrest, he was on state probation. He was charged with a probation violation in Case No. 04CR2647 on August 11, 2005. The alleged probation violation was the commission of theft. A federal indictment against petitioner in Case No. 05-10156 was issued on August 23, 2005. The indictment charged petitioner with illegal possession of a firearm.

On March 17, 2006, petitioner was sentenced in state court to 40 months for violating his probation and to a consecutive term of 17 months for theft. Pursuant to a writ of habeas corpus ad prosequendum, petitioner was produced on March 31, 2006 for his first appearance in federal court on the possession of a firearm charge. Petitioner entered a plea of guilty to the federal charge on August 15, 2006 and on November 6, 2006 he was sentenced to a term of 36 months to run consecutive to the state court sentences. Petitioner was returned to state custody on November 8, 2006. However, on May 31, 2007 petitioner was placed in the custody of United States Marshals and on October 5, 2007 he arrived at a

federal institution, FCI-Marion. This transfer was determined to be in error and petitioner was returned to Kansas and placed at the state prison in El Dorado, Kansas on November 8, 2007. On April 3, 2009, petitioner completed the service of his state sentences and petitioner was transferred to federal custody, where he remains. Petitioner has a projected release date of November 13, 2011.

According to Kinda Flagg, a BOP management analyst, petitioner was credited as serving his state sentences when he was in the physical custody of the United States at any time from August 5, 2005 through November 8, 2007. Doc. 20, Attachment 1, ¶¶ 29 & 35.

II. DISCUSSION

Petitioner contends that he should receive credit against his federal sentence for time which respondent argues was credited against his state sentences. Respondent contends that petitioner does not deserve the sentence credit he claims. Originally, respondent further argued that petitioner had not exhausted his administrative remedies. Doc. No. 20. Respondent has subsequently conceded that, following the filing of the answer to the petition, petitioner did exhaust his administrative remedies. Doc. No. 25. So, the single issue before the court is whether the time petitioner has served toward his federal sentence has been properly calculated.

    A.  <u>18 U.S.C. § 3585</u>

Under statute, a federal sentence "commences" on the date when

the defendant "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Whether a defendant receives "presentence credit" for time served prior to the commencement of his sentence is governed by 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> - - that has not been credited against another sentence.

B. <u>Credit for custody after date of commencement</u>

Petitioner and respondent agree that petitioner is entitled to credit against his federal sentence for time he spent in custody after April 3, 2009. According to respondent this is the date when petitioner's federal sentence commenced. Petitioner argues that his federal sentence commenced at an earlier date. Accordingly, the court must determine the commencement date of petitioner's federal sentence.

Petitioner was received into custody awaiting transportation to the official detention facility at which his federal sentence was to be served on May 31, 2007. Therefore, it may be claimed

4

that under § 3585(a), petitioner's federal sentence commenced on May 31, 2007.

This assertion is arguably consistent with Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002) cert. denied, 537 U.S. 1146 (2003).[2] In Weekes, the petitioner received a federal sentence and was designated and transferred to the federal penitentiary in Lompoc, California to serve the sentence. After a period of time, the BOP determined that the petitioner should be transferred to a state correctional facility in Idaho to serve a state sentence which was imposed before the federal sentence, even though the state sentence was to be served concurrently with the federal sentence. So, the petitioner was transferred back to Idaho state custody.

The petitioner in Weekes argued in part that he should receive credit against his federal sentence from the date that he was designated to Lompoc. The BOP argued that the transfer to Lompoc was a mistake, that the petitioner was given credit against his state sentence for his time at Lompoc, and that his federal sentence did not begin until after his state sentence was completed.

The Tenth Circuit concluded that the petitioner was entitled to credit against his federal sentence for the time he spent in

---

[2] This assertion is also consistent with the holdings in Free v. Miles, 333 F.3d 550 (5th Cir. 2003) and Boston v. Attorney General, 210 Fed.Appx. 190 (3rd Cir. 12/21/2006). However, the court is bound to follow Tenth Circuit case law.

federal custody.  Citing § 3585(a), the court found that "the record conclusively shows that the United States Attorney General chose to begin Mr. Weekes' federal sentence on February 21, 1995, by designating a federal prison where he should serve and then transporting him to that facility."  301 F.3d at 1179.  The Tenth Circuit further held that the petitioner in Weekes should also receive credit against his federal sentence for the time he served in state custody after he was transferred from Lompoc back to the Idaho state prison system, as there was no evidence that the transfer to state authorities was temporary or conditional, i.e., pursuant to a writ of habeas corpus ad prosequendum.

This last point helped distinguish the result in Weekes from the result in Binford v. U.S., 436 F.3d 1252 (10th Cir. 2006).  In Binford, the petitioner was in custody on state charges in Oklahoma and then produced to federal authorities upon a writ of habeas corpus ad prosequendum.  After a federal conviction and sentence, the petitioner was mistakenly delivered to the federal correctional institution at El Reno, Oklahoma instead of returned to state custody.  Once the mistake was discovered, the petitioner was returned to state custody by federal authorities.  The Tenth Circuit held that there was no evidence that Oklahoma surrendered the petitioner's custody to the federal authorities other than through the writ of habeas corpus ad prosequendum and, therefore, the petitioner's federal sentence did not begin when he was first

received at El Reno.  Instead, the federal sentence began after he finished his state sentence and then was returned to federal custody.  436 F.3d at 1256.

The Tenth Circuit grappled with this issue again in <u>Stroble v. Terrell</u>, 200 Fed.Appx. 811 (10th Cir. 10/17/2006).  In <u>Stroble</u>, the petitioner was arrested on a state parole violation involving possession of a firearm and placed in state custody.  Federal charges were filed for felon in possession of a firearm and the petitioner was placed in federal custody pursuant to a writ of habeas corpus ad prosequendum.  The petitioner was convicted and sentenced in federal court to a term of incarceration consecutive to his state sentence for the parole violation.  He was then returned to state custody to serve his state sentence and a federal detainer was lodged.  While in state prison, the petitioner was charged with a state criminal violation for trafficking in contraband.  After he completed his state parole violation sentence, the petitioner pled guilty to the state contraband trafficking charge.  Before he was sentenced on this charge, the petitioner was transferred to federal custody pursuant to the federal detainer to start serving his federal sentence.  This transfer was determined to be an administrative error and the petitioner was returned to State of Kansas custody so that he could be sentenced on the trafficking conviction.  The State of Kansas filed a "Motion for Writ of Habeas Corpus ad Prosequendum" to take

7

custody of the petitioner from the federal authorities.

The petitioner in Stroble argued that his federal sentence commenced when he was transferred to federal custody before he was sentenced on the state trafficking charge and that he should receive credit against his federal sentence for all the time he was incarcerated after that date. This court rejected petitioner's argument. The Tenth Circuit affirmed this decision after discussing the holdings in Weekes and Binford.

The Tenth Circuit in Stroble stated that Weekes was distinguishable from Binford and Stroble because the government in Weekes could not establish that the transfer of custody by state authorities to the federal authorities was conditional or temporary. 200 Fed.Appx. at 814. There was no document, such as a writ of habeas corpus ad prosequendum, which evidenced an intent of a temporary transfer and the subsequent conduct of the federal and state authorities reinforced the "presumption that a permanent transfer was intended." 200 Fed.Appx. at 815. In Binford, the federal authorities used a writ of habeas corpus ad prosequendum to obtain custody of the petitioner. In Stroble, the federal authorities did not use a writ of habeas corpus ad prosequendum to obtain custody of the petitioner. Nevertheless, the Tenth Circuit did not find this fact to be "determinative." 200 Fed.Appx. at 816. One of the factors deemed determinative to the Tenth Circuit was subsequent conduct indicating an intent that the state have

8

primary custody of the petitioner. An example of such conduct was the acknowledgment of an erroneous transfer and prompt return of the petitioner by the BOP. Another determinative factor was the sentencing courts' clear expression that the petitioner's state and federal sentences would be consecutive. 200 Fed.Appx. at 817.

The court finds that this case is more like <u>Stroble</u> and <u>Binford</u> than it is like <u>Weekes</u>. Although there is no indication that the federal government used a writ of habeas corpus ad prosequendum to obtain custody of petitioner on May 31, 2007, the subsequent conduct of the BOP and the state authorities after petitioner arrived at FCI-Marion indicates that they realized a mistake had been made and intended that the state have primary custody of petitioner. The record is also clear that petitioner's state and federal sentences were to be served consecutively. Finally, it should be remembered that petitioner received credit against his state sentence for the time he served in federal custody and, therefore, as in <u>Stroble</u>, there was no prejudicial impact from the government's error.

Accordingly, the court finds that petitioner's federal sentence commenced on April 3, 2009.

C. <u>Credit for custody prior to the commencement of petitioner's federal sentence</u>

As mentioned, petitioner received credit against his state sentence for all the time he spent in custody prior to the

9

commencement of his federal sentence on April 3, 2009. Therefore, pursuant to § 3585(b), he is not entitled to credit against his federal sentence for any time he spent in custody prior to that date.

    D. <u>Sentencing guidelines</u>

Petitioner also argues that this court should refer to U.S.S.G. § 5G1.3 via 18 U.S.C. § 3584(b) to make petitioner's federal sentence run concurrent with his state sentence. The court rejects this argument. Petitioner is referring to statutes which a sentencing court must consider at the time of sentencing. These are not statutes which must be considered by the BOP when it is calculating how petitioner's sentence must be executed. Any errors made by the sentencing court should have been raised with that court or on direct appeal. See <u>Sanchez-Hernandez v. Wilner</u>, 2010 WL 4449597 *5 (D.Colo. 9/24/2010); <u>Vizcarra-Hernandez v. Wilner</u>, 2008 WL 5054569 *3 (D.Colo. 11/21/2008); <u>Miller v. Scibana</u>, 2007 WL 2703152 *6 (W.D.Okla 9/13/2007) <u>aff'd</u>, 260 Fed.Appx. 80 (10th Cir. 1/7/2008); see also, <u>Carroll v. Peterson</u>, 105 Fed.Appx. 988, 990 (10th Cir. 8/5/2004). Moreover, it appears to the court that the sentencing court made no mistake in rendering a federal sentence consecutive to the state sentences petitioner was serving.

Therefore, the court rejects petitioner's sentencing guidelines argument.

III. CONCLUSION

After careful consideration, the court finds that petitioner's sentence has been properly executed. Therefore, the court shall deny the petition for a writ of habeas corpus. The court shall also deny petitioner's motion requesting an order for release. Doc. No. 27. The court has considered the arguments made in the motion but rejects them for the above-stated reasons. As mentioned before, the court grants the motion to amend. Doc. No. 22. Finally, the court substitutes Carol Holinka as the respondent in this case and dismisses all previously named respondents.

**IT IS SO ORDERED.**

Dated this 8th day of December, 2010 at Topeka, Kansas.

                                  s/Richard D. Rogers
                                  United States District Judge